861 F.2d 722
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James H. WELLS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-2053.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1988.
 
 Before KEITH, NATHANIEL R. JONES and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant James H. Wells appeals the order of the district court granting summary judgment affirming the Secretary of Health and Human Services' denial of disability benefits. This is the plaintiff's second claim for benefits; both listed an onset date of January 12, 1982. The Secretary allowed the plaintiff a closed period of disability--from January 1982 to March 1983--based on claims of cardiovascular problems and triple bypass surgery. That decision was never appealed.
 
 
 2
 Plaintiff filed this application on January 23, 1985. It is based on claims of cardiovascular impairment and, additionally, arthritic spinal and knee deterioration. Now fifty-seven years old, the plaintiff completed the twelfth grade and has worked for approximately thirty years in foundries, with the last twenty years spent as an inspector or supervisor.
 
 
 3
 The Social Security Administration initially denied this second application. In a hearing February 28, 1986, an Administrative Law Judge ("ALJ") found the plaintiff suffered from several health impairments, but none rendered him disabled. The ALJ based his decision on several witnesses' testimony, the plaintiff's medical test results, and the medical-vocational guidelines commonly known as the "grids" set out at 20 C.F.R. Sec. 404.1501 et seq. The ALJ also relied on the plaintiff's testimony, including his testimony that he routinely took long fishing trips that involved several hours of driving and boating every week, regularly went to exercise classes and high school basketball games, enjoyed gardening and motoring holidays, generally had no trouble taking care of his personal needs around the house, and occasionally helped his wife with yard work and shoveling snow. The ALJ found plaintiff had the residual functional capacity to perform his past relevant work, or at least a range of sedentary, semi-skilled work. The Appeals Council denied the plaintiff's request for review of the ALJ's decision.
 
 
 4
 Plaintiff then filed a complaint in the district court pursuant to 42 U.S.C. Sec. 405(g). The case was referred to a magistrate, who recommended summary judgment for the Secretary. The district court subsequently found the Secretary's denial of benefits to be supported by substantial evidence, and granted the Secretary summary judgment on August 31, 1987. This appeal followed.
 
 
 5
 Plaintiff argues his health problems meet or exceed the Secretary's listings for ischemic heart disease set out at 20 C.F.R. Pt. 404, Subpt. P, App. 1, Secs. 4.04(A) or (B). Listing 4.04(A) applies the cases in which a claimant supplies the results of an acceptable treadmill exercise test; 4.04(B) provides for proving heart disease without a treadmill test. Here, plaintiff proffered the results of an acceptable treadmill test, which indicated he could sustain exercise at time and exertion levels substantially above the disability standards. Nevertheless, he argues that either with or without considering his treadmill test results, he is disabled. The essence of his position is that the Secretary has misinterpreted his treadmill test results and failed to give complete deference to his interpretations of his physicians' opinion letters.
 
 
 6
 Plaintiff further argues he should have been conclusively presumed to be disabled, and, therefore, it was erroneous for the Secretary even to consider his residual functional capacity; that the hypothetical questions posed to the vocational expert were faulty and prejudicial; that the Secretary's prior decision awarding him a closed period of disability was erroneous, and by filing this second application two years after the period closed, he has reopened his old case. Plaintiff also asserts the ALJ denied him due process and equal protection of the law.
 
 
 7
 After a careful consideration of the testimony of witnesses including the vocational expert and the plaintiff, his medical records and test results, the briefs filed herein, oral argument and the entire record, we agree with the district court that the Secretary's determination is supported by substantial evidence. Accordingly, the judgment of the district court is AFFIRMED.